*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SHAWN VERT,

Defendant-Appellant.

UNPUBLISHED
May 13, 2026
11:24 AM

No. 367916
Chippewa Circuit Court
LC No. 2020-004073-FH

Before: BORRELLO, P.J., and M. J. KELLY and ACKERMAN, JJ.

PER CURIAM.

Defendant, Shawn Vert, appeals as of right his conviction of malicious destruction of a building causing at least $1,000 but less than $20,000 in damage, MCL 750.380(3)(a). For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

This case arises from the destruction of a glass window at a correctional facility. Vert, an inmate at the facility, was in a cell block with at least 15 other inmates. He became agitated, picked up a dense plastic garbage can that weighed between three and eight pounds, and hurled it against a glass window. As a result, the glass broke. Vert was identified as the perpetrator by security footage of the incident and by testimony from corrections officers. At his trial, he admitted that he picked up and threw the trash can, but stated that he did not intend to break the glass and that he had thought it was not possible to do so. The jury, however, found him guilty as charged.

As relevant to this appeal, Vert moved for a new trial, arguing that he was prejudiced because he was wearing jail-issued clothing and because the security video identified him as the inmate that broke the glass. He further contended that the costs and fees assessed against him were improper because he was indigent. The court denied his motion. This appeal follows.

-1-

## II. SUFFICIENCY OF THE EVIDENCE

### A. STANDARD OF REVIEW

Vert contends that there was insufficient evidence to establish that he intended to destroy the glass when he threw the garbage can. Challenges to the sufficiency of the evidence are reviewed de novo. *People v Savage*, 327 Mich App 604, 613; 935 NW2d 69 (2019). When reviewing a challenge to the sufficiency of the evidence, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *People v Jarrell*, 344 Mich App 464, 480; 1 NW3d 359 (2022). "[W]e must defer to the fact-finder's role in determining the weight of the evidence and the credibility of the witnesses and must resolve conflicts in the evidence in favor of the prosecution." *Id*. (quotation marks and citation omitted). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018).

### B. ANALYSIS

The elements of the crime of malicious destruction of a building causing damage between $1,000 and $20,000, are that the defendant (1) willfully and maliciously (2) destroyed or injured (3) another person's house, barn, or other building or its appurtenances, (4) causing $1,000 or more but less than $20,000 of damage. MCL 750.380(3)(a). The prosecutor must prove that the defendant had the intent to destroy or damage the property. *People v Nelson*, 234 Mich App 454, 459; 594 NW2d 114 (1999). Vert argues that the evidence in this case was insufficient because he did not have such an intent. In support, he directs this Court to his testimony that he did not intend to break the glass and that he was "shocked" that it broke. However, the jury was not required to credit his testimony. See *People v Smith*, 336 Mich App 297, 308; 970 NW2d 450 (2021) (stating that the assessment of witness credibility is a task for the jury). Here, viewed in the light most favorable to the prosecution, Vert was in a state of agitation when he destroyed the glass. He seized a garbage can that, by his estimate, weighed approximately four pounds and was made out of hard plastic. He put his whole body into the throw, adding momentum by stepping toward the glass and creating torque by lifting his back leg. His arms whipped across his body after he released the trash can. Following the impact, which very clearly broke the glass, Vert sauntered up to the door and sneered at the camera before turning and walking out of sight. A jury could reasonably infer from the weight of the garbage can and the enthusiastic physical actions that he took to launch the can, that he intended to break the glass.

Further, it is undisputed that Vert broke the glass, that the glass belonged to another person, and that the damage was over $2,000. Thus, there is sufficient evidence to establish the remaining elements of the charged crime. Reversal is, therefore, not required.

Vert also argues that his lawyer provided ineffective assistance by failing to move for a directed verdict of acquittal. "A directed verdict of acquittal is appropriate only if, considering all the evidence in the light most favorable to the prosecution, no rational trier of fact could find that the essential elements of the crime charged were proven beyond a reasonable doubt." *People v Mehall*, 454 Mich 1, 6; 557 NW2d 110 (1997). As indicated above, the evidence, when viewed in the light most favorable to the prosecution, was sufficient to establish the essential elements of the

crime. As a result, a directed verdict of acquittal was not warranted. Vert's lawyer was not ineffective for failing to raise a futile motion. *People v Riley*, 468 Mich 135, 142; 659 NW2d 611 (2003).

## III. PRISON ATTIRE AND PRISON GUARDS

Vert argues that he was prejudiced at his trial because he was wearing jail clothes during the trial and because security guards from the Michigan Department of Corrections (MDOC) were near him in uniform. We disagree.

If a defendant stands trial in prison attire that is not recognizable as prison attire, the clothing will not prejudicially mark the defendant as a prisoner, and the defendant will not be entitled to appellate relief. See *People v Harris*, 201 Mich App 147, 152; 505 NW2d 889 (1993). At trial, Vert wore tan khakis that did not readily resemble prison attire. They did not have any patches or other markings identifying him as a prisoner. The witnesses that identified him at trial did not refer to him as wearing prison attire. Instead, they only indicated that he was wearing tan or grey garments. Consequently, Vert cannot establish prejudice related to the fact that he was wearing prison attire.

The use of security guards within a courtroom can, under certain conditions, "create the impression in the minds of the jury that the defendant is dangerous or untrustworthy[,]" but the use of identifiable security guards is not inherently prejudicial. *Holbrook v Flynn*, 475 US 560, 569; 106 S Ct 1340; 89 L Ed 2d 525 (1986). However, there is nothing in the record to support Vert's contention that the MDOC security guards were positioned close to him during the trial. Accordingly, he cannot establish any error related to the positioning of the MDOC guards.

## IV. EVIDENTIARY ERROR

Vert next contends that he was prejudiced by the admission of the surveillance video because its title was "Vert, Shawn breaking C-4 glass." He did not, however, object to the admission of the video on this basis. Because no objection was raised prior to trial, we review this issue for plain error. See *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). To establish plain error, Vert must show that there was an error, that it was plain, and that it affected his substantial rights. See *id*. He cannot do so in this case. The information contained in the title signals to the jury that the glass in C-4 was broken and that Vert was the person who broke it. Those facts were not contested at trial. Rather, Vert admitted that he broke the glass by throwing a garbage can at it. His testimony was corroborated by the surveillance footage itself, which clearly depicted Vert breaking the glass by throwing an object against it, and by the testimony of the corrections officers with knowledge of the incident. Because the information in the video title was cumulative to the uncontradicted evidence in the case, Vert cannot show any prejudice arising from the jury's view of it.

## V. JURY INSTRUCTIONS

### A. STANDARD OF REVIEW

Vert argues that the trial court erred by denying his request for a jury instruction stating that accidental conduct cannot sustain a conviction for a specific-intent crime. Claims of

instructional error involving questions of law receive de novo review, "[b]ut a trial court's determination whether a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion." *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006) (quotation marks and citation omitted).

## B. ANALYSIS

"A criminal defendant is entitled to have a properly instructed jury consider the evidence against him." *People v Wade*, 283 Mich App 462, 467; 771 NW2d 447 (2009). "Jury instructions must include all the elements of the charged offense, and must not exclude material issues, defenses, or theories if the evidence supports them." *People v Kosik*, 303 Mich App 146, 155; 841 NW2d 906 (2013). Here, Vert requested that the trial court instruct the jury that the "prosecutor must prove beyond a reasonable doubt that the defendant intended to break the glass of C-4." The trial court, however, instructed the jury that

> To prove [the charge], *the prosecutor must prove each of the following elements beyond a reasonable doubt.* First, that the building or anything permanently attached to it belonged to someone else.
>
> Second, the defendant destroyed or damaged that building or anything permanently attached. Third, that the defendant did this knowing that it was wrong, without just cause, or excuse, and *with the intent to damage or destroy the property.* Fourth, that the extent of the damage was $1000 or more but less than $20,000.
>
> *   *   *
>
> The defendant says that he is not guilty of malicious destruction of a building or its appurtenances because he did not intend to damage or destroy the property. The defendant says that his conduct was accidental. *If the defendant did not intend to damage or destroy the property, he is not guilty. The prosecutor must prove beyond a reasonable doubt that the defendant intended to damage or destroy the property.* [Emphasis added.]

The jury instruction, as given by the trial court, conveyed the essential elements of the crime to the jury, including that Vert had to have acted with the intent to destroy the property and that the prosecutor had the burden of proving it beyond a reasonable doubt. It also clearly instructed the jury on the defense on whether it was an accident, and that, in the absence of intent to destroy the property, Vert could not be found to be guilty. Although a more specific jury instruction could have been given, Vert is not entitled to reversal given that the jury was properly instructed. See *Wade*, 283 Mich App at 467.

## VI. COSTS, FEES, AND RESTITUTION

## A. STANDARD OF REVIEW

Lastly, Vert argues that he is entitled to have the costs, fees, and restitution ordered against him waived due to his indigence and that the statutes that authorize the costs, fees, and restitution are invalid. Awards of costs and fees are reviewed for an abuse of discretion. See *In re*

*Condemnation of Private Property for Highway Purposes*, 221 Mich App 136, 139-140; 561 NW2d 459 (1997). Further, Vert challenges the statute imposing costs, which is a question of constitutional and statutory interpretation that is reviewed de novo. See *People v Shenoskey*, 320 Mich App 80, 82; 903 NW2d 212 (2017).

## B. ANALYSIS

Vert first contends that the $130 crime victim's rights fee and the $68 state costs are an invalid tax that incentivizes convictions. A defendant who is convicted of a felony is required to pay $130 for crime victim's rights services, MCL 780.908, and $68 in state costs, MCL 769.1j(1)(a). This Court has previously held that, even if the $130 crime victim's rights assessment is a tax, the tax is constitutionally authorized. *People v Matthews*, 202 Mich App 175, 176; 508 NW2d 173 (1993). Similarly, this Court has held that the $68 state costs authorized under MCL 769.1j(1)(a) are a tax, but that the tax is constitutional. *People v Shenoskey*, 320 Mich App 80, 83-84; 903 NW2d 212 (2017). Vert's arguments concerning these costs, therefore, has already been rejected.

Next, Vert argues that the $300 court costs order was improperly assessed because the trial court failed to make a record establishing the factual basis for that amount of costs. He further contends that there is "a good-faith argument for a change in the law." We disagree.

Under MCL 769.1k(1)(b)(*iii*), a trial court may impose costs that are "reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case." The trial court should establish a factual basis for the costs imposed under this subsection to show that the costs are reasonably related to the costs incurred. *People v Konopka*, 309 Mich App 345, 359-360; 869 NW2d 651 (2015). In this case, at the hearing on Vert's motion to waive costs and fees, the court stated that the costs of $300 were "quite minimal" when considered in light of the cost of holding a jury trial. Thus, the court made the requisite finding that the costs were reasonably related to the costs incurred. Additionally, although Vert maintains that there is a "good-faith" reason for changing the law, he does not provide any analysis in support of that contention. Because he has failed to adequately brief this argument, it is abandoned. See *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004).

Finally, Vert contends that all the costs assessed, including restitution,[1] should be struck due to his indigency. Restitution is required under MCL 769.1a(2). If an incarcerated defendant is ordered to pay restitution,

> the department of corrections shall deduct 50% of the funds received by the prisoner in a month over $50.00 and promptly forward a payment to the court as provided in the order when the amount exceeds $100.00, or the entire amount if the prisoner

---

[1] Vert also argues that restitution is inappropriate based on a "good-faith argument for a change in the law." Vert does not specify what this "good-faith argument" is. Because he has failed to adequately brief this argument, it is abandoned. See *Harris*, 261 Mich App at 50.

is paroled, is transferred to community programs, or is discharged on the maximum sentence. . . . [MCL 769.1l.]

The Michigan Supreme Court has stated that this statute "creates a statutory presumption of nonindigency" for prisoners. *People v Jackson*, 483 Mich 271, 295; 769 NW2d 630 (2009). A prisoner who believes that they have unique financial circumstances that rebut this presumption of nonindigency may petition the court to reduce the amount owed. *Id*. at 296. But a prisoner who seeks a reduction to a restitution order must demonstrate manifest hardship and "bears a heavy burden of establishing his extraordinary financial circumstances." *Id*. The prisoner must present evidence that "enforcement would impose a manifest hardship on the prisoner or his immediate family." *Id*. at 297. Here, at the motion hearing, his lawyer argued that the costs, fees, and restitution imposed would be a substantial hardship for Vert because of his lack of income in prison and lack of financial resources outside of prison. Vert, however, has not presented any evidence in support of that position. The court's denial of the waiver of the costs on the grounds that Vert had not adequately established extraordinary circumstances. The trial court therefore did not abuse its discretion when it denied his motion to waive costs, fees, and restitution.

Affirmed.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Matthew S. Ackerman